The act of 1715, commonly called the seven-years bar, was intended for the benefit and protection of the estates of dead men; not for the protection of those who have the management of them, or may represent the dead men; and the plaintiff, having chosen to (549) consider the defendant an executor, and thrown on him the defense of the assets, shall not oust the estate of any defense to which it would be entitled in the hands of a rightful executor, for it would be very strange that a demand should be enforced against the estate, when the estate is defended by one person, and not when defended by another. I think the distinction is that what will protect the assets may be used in either; those rights which the law allows to the executor on account of his office can be claimed by the rightful executor only as the right of retaining compensation for his trouble and others; if there be any of the like kind, possibly the right of offering a set-off may be one exception from the above rule; this can be denied to the wrongful executor only on technical reasons, to wit, that as he cannot sustain suits for want of letters testamentary, he cannot set off against a demand upon the assets; and as the declared object of the statutes allowing a set-off is to prevent a multiplicity of suits, it can only be used where it can have that effect. The soundness of this reasoning it will be sufficient to examine when the case occurs. It may be taken either way without affecting the present question. Rule for a new trial discharged.
TAYLOR, C. J., dissented.
PER CURIAM. No error.
(550)